## SAVAGE v. UNITED STATES.

### (Circuit Court of Appeals, Eighth Circuit. March 28, 1914.)

#### No. 4038.

1. CRIMINAL LAW (§ 1028*)—APPEAL AND ERROR—REVIEW.
    In criminal cases a federal appellate court will, in the exercise of a sound discretion, sometimes notice error in the trial, although the question was not properly raised by objection and exception.
    [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2619, 2620; Dec. Dig. § 1028.*]

2. PROSTITUTION (§§ 4, 5*) — INTERSTATE COMMERCE — VIOLATION OF WHITE SLAVE TRAFFIC ACT—CRIMINAL PROSECUTION.
    A judgment of conviction against a defendant for violation of White Slave Traffic Act June 25, 1910, c. 395, § 2, 36 Stat. 825 (U. S. Comp. St. Supp. 1911, p. 1343), *held* supported by the evidence and without error in the instructions given.
    [Ed. Note.—For other cases, see Prostitution, Cent. Dig. §§ 4, 5; Dec. Dig. §§ 4, 5.*]

3. CRIMINAL LAW (§ 1056*)—APPEAL AND ERROR—REVIEW.
    In a criminal case an appellate court is not required to consider the correctness of instructions given to which no exceptions were taken at the trial.
    [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2668, 2670; Dec. Dig. § 1056.*]

In Error to the District Court of the United States for the District of Minnesota; Charles A. Willard, Judge.

Criminal prosecution by the United States against George Savage. Judgment of conviction, and defendant brings error. Affirmed.

Robert L. Penney, of Minneapolis, Minn., for plaintiff in error.

Charles C. Houpt, U. S. Atty., of St. Paul, Minn., and Egbert S. Oakley, Asst. U. S. Atty., of Duluth, Minn.

Before SANBORN and CARLAND, Circuit Judges, and RINER, District Judge.

RINER, District Judge. The plaintiff in error was jointly indicted with another, charged with violation of section 2 of the Act of June 25, 1910. The indictment charged that:

"Alice Jackson and George Savage, both late of said district, then and there being, did then and there wrongfully, unlawfully, and feloniously, know-

---

ingly cause to be transported, and aid and assist in obtaining transportation for, in interstate commerce, from the city of Chicago, in the state of Illinois, to the city of St. Paul, in the state of Minnesota, over the line of the Chicago, Burlington & Quincy Railroad, the same being then and there a railroad company engaged in interstate commerce, between the state of Illinois and the state of Minnesota, a certain woman, to wit, one Frankie Allen, which said woman was then and there so knowingly caused to be transported and aided and assisted in obtaining transportation in interstate commerce, as aforesaid, by the said Alice Jackson and George Savage, for the purpose of prostitution by her, the said Frankie Allen, which is against the peace and dignity of the United States and contrary to the form of statute in such case made and provided."

Upon arraignment the defendant entered a plea of not guilty. A trial was had, resulting in a verdict of guilty as to both defendants, and the plaintiff in error was sentenced by the court to imprisonment in the Minnesota state prison for the term of five years.

[1] No exceptions whatever were saved during the trial, either to the admission or rejection of evidence, the instructions of the court to the jury, or any part thereof. But, as stated by the Supreme Court in Crawford v. United States, 212 U. S. 183, 194, 29 Sup. Ct. 260, 264 (53 L. Ed. 465, 15 Ann. Cas. 392):

"In criminal cases courts are not inclined to be as exacting, with reference to the specific character of the objection made, as in civil cases. They will, in the exercise of a sound discretion, sometimes notice error in the trial of a criminal case, although the question was not properly raised at the trial by objection and exception. Wiborg v. United States, 163 U. S. 632, 659 [16 Sup. Ct. 1127, 1197, 41 L. Ed. 289]." Weems v. United States, 217 U. S. 349, 362, 30 Sup. Ct. 544, 54 L. Ed. 793, 19 Ann. Cas. 705.

[2] We have, therefore, examined the record for the purpose of ascertaining whether it discloses substantial evidence to support the judgment, and without here restating the testimony of the witnesses, because of its revolting character, it is sufficient to say that we find evidence ample to sustain the verdict of conviction.

[3] As already suggested, no exceptions were taken to the instructions given by the court to the jury, and we are not, therefore, called upon to consider them. Hickory v. United States, 151 U. S. 303, 14 Sup. Ct. 334, 38 L. Ed. 170; Stewart v. Wyoming Cattle Ranch Co., 128 U. S. 383, 9 Sup. Ct. 101, 32 L. Ed. 439; Lewis v. United States, 146 U. S. 370, 13 Sup. Ct. 136, 36 L. Ed. 1011. We have, however, in connection with our examination of the testimony, also examined the instructions and in our opinion they impartially, correctly, and sufficiently enlightened the jury respecting the law applicable to the case.

The judgment is affirmed.